IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DENNIS EBORKA,

                    Plaintiff,

          vs.

UNIVERSITY OF NEBRASKA-LINCOLN,

                    Defendant.

**8:24CV52**

**MEMORANDUM AND ORDER**

Plaintiff Dennis Eborka ("Eborka") faxed a pleading titled "Notice of Removal of Pending State Court Action," which the Court accepted for filing and docketed as a Complaint, Filing No. 1, on February 12, 2024.  Eborka subsequently filed an Amended Complaint, Filing No. 7, on February 26, 2024.   The Court granted Eborka leave to proceed in forma pauperis on March 8, 2024.  Filing No. 15.  The Court now conducts an initial review of Eborka's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).  For purposes of this initial review, the Court will consider the Amended Complaint and Eborka's supplemental filings, Filing No. 14; Filing No. 17; Filing No. 26, as part of the Complaint.  *See* NECivR 15.1(b).

## I.  SUMMARY OF COMPLAINT

Eborka's Complaint names the University of Nebraska-Lincoln (the "University") as Defendant and purports to remove a state court action filed by Eborka on September 15, 2023, in the District Court of Lancaster County, Nebraska, "styled Dennis Eborka v. University of Nebraska-Lincoln, Case No. CL23-3205."  Filing No. 1 at 2.  Eborka asserts removal is proper because he seeks to redress a deprivation of his rights under the Constitution and Federal laws pursuant to 42 U.S.C. § 1983.  *Id*.  A review of

Nebraska state court records, available to this Court online, shows that Eborka prosecuted an appeal to the Lancaster County District Court from the County Court of Lancaster County, Nebraska, in *Dennis Eborka v. University of Nebraska-Lincoln*, Case No. CI23-3205.[1]  Eborka's state court complaint alleged the University improperly denied his request to withdraw from a course, which Eborka made nearly two years after the academic term was completed.  On February 5, 2024, the Lancaster County District Court affirmed the Lancaster County Court's dismissal of Eborka's complaint for lack of subject matter jurisdiction as Eborka failed to allege the University waived its sovereign immunity regarding his claim.[2]

In his Amended Complaint, Eborka alleges the University violated his "right to freedom of education when defendant neglected to withdrew [sic] plaintiff from summer and fall 2020 semester due to plaintiff medical treatment and hospitalization as required by law. . . . [and] neglected to change plaintiff grade to Pass and No Pass grade on medical grounds or concern."  Filing No. 7 at 5.  Eborka's supplements indicate he submitted three Grade Option Appeals Forms to the University beginning on or about August 14, 2023, seeking to change three courses taken in the summer and fall of 2020 from graded to pass/no pass, but the University did not approve Eborka's requests. Filing No. 14 at 1; Filing No. 17 at 2; Filing No. 26.  As relief, Eborka seeks an order

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts.  The Court takes judicial notice of the state court records related to this case in *Dennis Eborka v. University of Nebraska-Lincoln*, Case No. CI23-3205, District Court of Lancaster County, Nebraska.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).  Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[2] See attached Order dated Feb. 3, 2024, *Eborka v. University of Nebraska-Lincoln*, Case No. CI23-3205, District Court of Lancaster County, Nebraska.

changing his "grade solely for summer and fall 2020 to a Pass and No Pass grade" and damages for tuition and book expenses.  Filing No. 7 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,' and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be

3

considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, Eborka alleges federal constitutional claims.[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint must be dismissed for failure to state a claim for relief under § 1983 and because the Court lacks jurisdiction over Eborka's claims.

### A. Removal Improper

As an initial matter, to the extent Eborka seeks to remove his state court action to this Court, such purported removal is improper. Eborka is the plaintiff in the state action he seeks to remove, and removal is allowed only to defendants. Federal law authorizes the removal of some state court civil actions but only by a state court defendant or defendants. 28 U.S.C. § 1441(a)(1) (providing for removal of state court civil actions over which federal district courts have original jurisdiction "by the defendant or the

---

[3] On April 22 and 27, 2024, Eborka filed two identical documents, Filing No. 23; Filing No. 25, which cite to and generally discuss the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. To the extent Eborka may be attempting to assert a claim under the FERPA, "there is no private cause of action under FERPA . . . ." *Rosenthal v. Webster Univ.*, 230 F.3d 1363, 2000 WL 1371117, at *1 (8th Cir. 2000) (table decision) (citing *Girardier v. Webster College*, 563 F.2d 1267, 1276–77 (8th Cir.1977)).

defendants"); 28 U.S.C. § 1443 (providing for removal of certain civil rights actions "by the defendant").  "There is no federal law authorizing plaintiff to remove his state court action to federal court."  *Fonder v. S. Dakota*, No. 1:21-CV-01023-CBK, 2021 WL 4710781, at *3 (D.S.D. Oct. 8, 2021).  Moreover, Eborka filed his notice of removal more than 30 days after he filed his state court complaint contrary to the procedure for removal in 28 U.S.C. § 1446(b).

Because this action is not properly removed, the Court treats this action as an original civil rights action, in conformity with the Court's docketing of Eborka's pleading as a civil complaint.

**B. Sovereign Immunity**

Eborka sues the University for damages and injunctive relief.  The University is an agency of the State of Nebraska.  *Knapp v. Ruser*, 145 F. Supp. 3d 846, 854 (D. Neb. 2015) (citing *Doe v. Bd. of Regents of the Univ. of Neb.*, 788 N.W.2d 264, 281, n. 51 (Neb. 2010), *overruled on other grounds by Davis v. State*, 902 N.W.2d 165 (Neb. 2017); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908–09 (8th Cir.1999)).  States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits against the state or its agencies are barred by the Eleventh Amendment.  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims

against state agency barred by Eleventh Amendment).  Accordingly, Eborka has failed to state a claim for relief under § 1983 against the University.

Even if Eborka could proceed on his claims against the University, the *Rooker-Feldman* doctrine, discussed below, prevents the Court from granting Eborka the relief he seeks.

## C.  *Rooker-Feldman* Doctrine

Eborka filed this action shortly after the Lancaster County District Court denied his appeal and affirmed the dismissal of his complaint.  Eborka essentially incorporates his state court proceedings into his Complaint and raises the same claims and seeks the same relief in this Court that he sought in the state courts.  Specifically, he asks this Court to order the University to grant his request for a late withdrawal and grade change to pass/no pass and award him damages.  However, the Court is precluded from granting the relief Eborka seeks by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings.  *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005).  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).  In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action

6

was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Eborka clearly seeks this Court's review of his state court action and rejection of the state court's decision regarding his claims.  The *Rooker-Feldman* doctrine prohibits the Court from doing so, and the Court will therefore dismiss this action for lack of subject matter jurisdiction.

## IV.  OTHER PENDING MOTION

On May 7, 2024, Eborka filed a "Motion for Injunction Pursuant to Rule 65," in which he basically asserts that he is entitled to the injunctive relief he seeks as a matter of law because the University has failed to dispute his allegations and evidence on record.  Filing No. 27.  However, the University has not been served with summons in this matter and, thus, no response from the University is yet required.  Before this matter may proceed to service of process, the Court must review Eborka's in forma pauperis complaint and dismiss the complaint if it states a frivolous or malicious claim,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As the Court has now conducted this review and determined Eborka's pleadings fail to state a claim upon which relief may be granted, Eborka's Motion for Injunction, Filing No. 27, is denied as moot.

## V. CONCLUSION

Eborka's Complaint and the supplements thereto fail to state a 42 U.S.C. § 1983 claim upon which relief may be granted against the Defendant University, and the Court also lacks subject matter jurisdiction over Eborka's claims for relief under the *Rooker-Feldman* doctrine. Accordingly, this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2) without prejudice and without leave to amend as any amendment would be futile.

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

2.     The Court will enter judgment by a separate document.

3.     Eborka's pending motion, Filing No. 27, is denied as moot.


Dated this 9th day of May, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge



C123·3205

# IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

**DENNIS EBORKA,**                                                    C123-3205

                                **Appellant,**

                                                                          **ORDER**

            **vs.**

**UNIVERSITY OF NEBRASKA,**

                **Appellee.**

LANCASTER COUNTY
2024 FEB -5 PM 2: 08
CLERK OF THE
DISTRICT COURT

**THIS MATTER CAME** on consideration of Appellant's appeal from the Lancaster County Court's dismissal of his action.  The matter was submitted on the parties' briefs in this Court.

On June 14, 2023, Appellant filed a Claim against the University of Nebraska-Lincoln in Small Claims Court in Lancaster County. (TT. 2.) Appellant's complaint alleges the University did not approve his request to withdraw from a class he took nearly two years previously. (TT. 2.) The Complaint did not assert a legal theory under which the University could be compelled to grant him a late withdrawal from this class. The Complaint sought a grade change and monetary relief. Appellee removed the case to the County Court of Lancaster County on July 12, 2023. (TT. 16.) Appellee moved to dismiss Appellant's case in its entirety under Neb. Ct. R. Pldg. § 12(b)(1) asserting lack of subject matter jurisdiction and under Neb. Ct. R. Pldg. §§ 12(b)(5) and (6). Appellant filed a motion for summary judgment.  The trial court granted the motion to dismiss and the motion for summary judgment.  (TT. 22.)  A written opinion consistent with its decision was issued.  The Appellant then timely filed this appeal.

The trial court granted Appellee's Motion to Dismiss on jurisdictional grounds under Rule 12(b)(1) and for failure to state a claim under Rules 12(b)(5) & (6). Accordingly, the



1



002166428D02

County Court's "grant of the motion to dismiss is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party." *Anderson v. Wells Fargo Financial Acceptance Pennsylvania*, Inc., 269 Neb. 595, 599 (Neb. 2005).

It is well-settled Nebraska law that sovereign immunity deprives a trial court of subject matter jurisdiction unless the State consents to suit. *McKenna v. Julian*, 277 Neb. 522, 526-27, 763 N.W.2d 384, 389 (Neb. 2009), abrogated on other grounds, *Zawaideh v. Nebraska Dept. of Health and Human Services Reg. and* Licensure, 285 Neb. 48, 54, 825 N.W.2d 204, 211 (Neb. 2013). A state agency is an instrumentality of the state and is entitled to sovereign immunity, unless such immunity has been waived. *Amend v. Nebraska Pub. Serv. Commn.*, 298 Neb. 617, 624, 905 N.W.2d 551, 557 (Neb. 2018). The University of Nebraska is an agency of Nebraska for the purposes of sovereign immunity. *Doe v. Bd. of Regents, Univ. of Neb.*, 280 Neb. 492, 510-11, 788 N.W.2d 264, 281 (Neb. 2010).

Appellant's Complaint did not raise any cause of action that alleges any Nebraska legislative enactment waives Appellee's sovereign immunity to allow for this suit. (Supp. TT. 3). Appellant's Complaint only alleges his request to withdraw from a course – nearly two years after the academic term was completed – was improperly denied. Appellant made no assertion Appellee has waived its sovereign immunity with respect to the issue of whether Appellee had a legal obligation to award Appellant's requested medical withdrawal. (Supp. TT. 2). For this reason alone, the Trial Court was correct in determining it did not have subject matter jurisdiction over this matter and properly dismissed Appellant's Complaint.

Lacking jurisdiction the trial court properly dismissed this case, and the decision is affirmed. All other requested relief by Appellant is denied. If no further appeal is filed within

2

30 days hereof, the Clerk of the District Court shall issue a mandate accordingly. The costs of this action are taxed to the Appellant. A copy of this order is sent to the parties of record and to the trial court.

IT IS SO ORDERED.

DATED this 3rd day of February, 2024.

BY THE COURT:

Kevin R. McManaman
District Judge

3

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February  6, 2024 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Bren H Chambers                          Dennis Eborka
bchambers@nebraska.edu                   denniseborka@yahoo.com

Date:  February  6, 2024   BY THE COURT:  _____

                                                        CLERK

Last viewed May 8, 2024